**Richard OWENS, Plaintiff,**

v.

**STOREHOUSE, INC. and Klais and Company, Inc., Defendants.**

**Civ. A. No. 1:90–CV–2292–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 25, 1990.

Milton Dale Rowan, AIDS Legal Project, Atlanta, Ga., for plaintiff.

Richard Lance Robbins, Sutherland, Asbill & Brennan, Atlanta, Ga., for defendants.

### ORDER

FORRESTER, District Judge.

In this case the plaintiff requests the court issue a mandatory temporary restraining order directing his employer to continue payments for the treatment of various physical problems secondary to AIDS. At the onset of the plaintiff's difficulties, his employer had an employee benefit plan which allowed medical benefits for the treatment of AIDS with a maximum cap of one million dollars. The employer has four employees with active AIDS, and prior to March 1990 paid out more than $250,000 under the plan just for treatment of the plaintiff. In March of 1990 the plan was modified to put a $25,000 cap on the medical benefits for the treatment of AIDS for all employees covered under the employee welfare benefit plan. After that time the employer has voluntarily paid more than $90,000 additionally for the treatment of the plaintiff.

Prior to March of 1990 the employer self-insured the plan and had reinsurance with Jefferson Pilot. At the end of that policy period Jefferson Pilot indicated that it would not continue without a substantial premium increase and other limitations. For various business reasons this was unsatisfactory to the employer, and as a result today the employer is a self-insurer of all benefits paid to employee members of the plan who have AIDS-related problems. The employer has submitted detailed financial information which is under seal. Suffice it to say that after a review of the data, and considering the cost to treat the plaintiff together with the other members of the plan who currently have active AIDS, the court has determined that the employer has a most legitimate business reason for modifying the plan to cap its exposure for medical benefits payable to AIDS-infected plan members. If the plaintiff's motion were granted, the effect of the precedent could cause either the entire medical benefit plan for all 100–plus employees of Storehouse, Inc., to be ended, or it could conceivably cause financial ruin to the employer. The court understands that if the plaintiff is unable to obtain payment for medical treatment under the plan, he may still obtain medical treatment; the treatment will not be with his private physician at a private hospital.

In some respects the case seems a close one. The law under which it is brought prohibits an employer from discriminating against a plan member for the purpose of interfering with the attainment of any right that the employee has in any welfare benefit plan. Reduced to its simplest terms, it seems clear to this court that the employer has modified the plan to place the cap on AIDS benefits because the plaintiff and other members of the plan have filed claims. It seems to the court, however, that by far the great weight of authority would say that if this modification were done for a legitimate business purpose, as is the case here, the plaintiff would not likely prevail. Although it disturbs this court that an employer under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1002, *et seq.*, can modify a plan so as to deny benefits to a member of a

plan during the course of a treatment regimen, it seems too clear to debate that neither the statutes nor the cases prohibit such a modification, in part recognizing that experience under medical benefit plans and the cost to provide medical benefits can change rapidly, necessitating modification. Accordingly, the request for temporary restraining order is DENIED. In denying it, the court takes into consideration also that the plaintiff is unable to post bond for an injunction, and, while the court in its discretion may waive that requirement, it seems imminently unfair to require Storehouse to pay benefits which it cannot recover from the plaintiff should it turn out that the plaintiff is not entitled ultimately to prevail upon the merits.

The court recognizes that the plaintiff may wish to have this matter considered by the Eleventh Circuit on an expedited basis. The defendant has said that it believes that the matter can be resolved on summary judgment. If plaintiff notifies the defendant that he wishes the matter resolved quickly on summary judgment, then the defendant shall file its motion for summary judgment within five (5) days of said notice, and the plaintiff shall respond within three (3) days. For the purposes of this order the time shall be computed in actual calendar days excluding no time for weekends, holidays or mailing. If the parties mutually desire more time, they may contact the court for an additional schedule.

SO ORDERED.